Argued and submitted February 23, reversed and remanded October 5, 1994,
petition for review denied January 31, 1995 (320 Or 567)

In the Matter of
Huskey, Andrew R., a Child.

STATE ex rel JUVENILE DEPARTMENT
OF WASCO COUNTY,
*Appellant,*

*v.*

Andrew R. HUSKEY,
*Respondent.*

(J92-170; CA A79388)

882 P2d 1127

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Steven H. Gorham argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Riggs, Judge.

DEITS, P. J.

**DEITS, P. J.**

The state appeals from a juvenile court order suppressing all evidence concerning a shoe print observed by an officer near the scene of a suspected arson fire. We reverse and remand.

In July, 1992, Detective Iliff, of the Oregon State Police, was investigating a series of suspicious fires that had occurred in an area of Wasco County. He was driving in his vehicle with Dwight Huskey when they were flagged down by Dwight's brother, Kenneth. Kenneth reported that another fire had started nearby. Dwight Huskey immediately left to get his tractor to fight the fire. Iliff went about 100 feet into the nearby woods and saw the fire. Based on his experience in investigating fires, he could tell that the fire had started recently. He then headed down a dirt path toward his vehicle to retrieve some equipment. On the path, about 30 feet from the fire, he saw a partial shoe print in the dirt. He then noticed more partial shoe prints in the gravel across a nearby road. The prints led down a driveway to Delbert Huskey, Jr.'s house.

Iliff went to the house and spoke with the residents for about 10 minutes. At that time, he observed that the soles of child's shoes had a concentric-circle design that matched the tread pattern of the partial shoe print that he had seen on the path leading from the fire. As he was leaving the house, he saw Dwight Huskey drive his tractor across the dirt path leading to the fire. The shoe print that Iliff had seen on the path was destroyed as Huskey drove the tractor over it.

At trial, child moved to suppress all evidence regarding the shoe print on the basis that the state had a duty to disclose material and favorable evidence and a duty to preserve such evidence prior to trial. He also contended that the state's failure to preserve the evidence deprived him of his due process rights under the Fourth and Fourteenth Amendments to the United States Constitution.

The trial court granted the motion to suppress and held that all evidence concerning the shoe print would be excluded. The court made the following findings:

"1. Detective Don Iliff is an expert on fire investigations with impressive credentials.

"2.   On July 10, 1992, Detective Iliff discovered a fire in the woods east of Huskey Hill Road.

"3.   After discovering the fire Detective Iliff discovered a partial footprint on a pathway running from the fire to Huskey Hill Road.

"4.   Detective Iliff alone saw the footprint on the path and later linked it with other evidence in this case in a definitive manner.

"5.   The footprint was destroyed during fire suppression efforts.

"6.   The failure to preserve the footprint was not 'gross negligence.' At most, the failure to preserve the footprint was 'simple negligence.'

"7.   The situation at the time the officer found the footprint was an emergency situation.

"8.   Had Detective Iliff had his camera with him when he first observed the fire he could have photographed the footprin[t] and the spreading fire."

The trial court explained the conclusion that it reached based on those findings:

"The court feels that the defense is put in a rather untenable position. In view of the nature of the expert, in view of this being the key piece of evidence, apparently, according to [the prosecutor], against the accused, the defense is put at a competitive * * * disadvantage. The defense is prejudiced. Taking the totality of the circumstances, and in view of the clear materiality of it; and, in view of the fact that the defense is clearly prejudiced."

The state argues on appeal that the trial court erred as a matter of law in concluding that the disputed evidence should be suppressed. It contends that child's due process rights were not violated and that there was not a discovery violation.

■    We first consider whether there was a discovery violation and conclude that there was not. The discovery statute, ORS 135.815, requires the district attorney to disclose certain "material and information within the possession or control of the district attorney." Although Iliff certainly did observe the shoe print, it cannot be said that the print was ever within the possession and control of the state. Child argues that Iliff should have taken a photo of the print

when he first saw it. However, as Iliff testified, at the time that he first saw the print, he was responding to an emergency situation and did not have his camera with him. Iliff acknowledged that, in hindsight, he should have taken a picture of the print; however, under the circumstances, he did not violate any duty to child by failing to do so. We hold that the state did not violate child's pretrial discovery rights. *See State v. Walton*, 311 Or 223, 236, 809 P2d 81 (1991).

■ Child contended before the trial court and continues to argue on appeal that "[b]ecause the police investigator negligently allowed the footprint to be destroyed," child's due process rights under the federal constitution were violated. We disagree. Child argued, and the trial court apparently agreed, that under *State v. Mower*, 50 Or App 63, 622 P2d 745, *rev den* 290 Or 651 (1981), due process requires that this evidence be suppressed. However, our decision in *Mower* relied on the rationale of *Brady v. Maryland*, 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963), which held that the suppression of material evidence that is within the prosecution's possession violates due process, regardless of the good or bad faith of the prosecution.

■ Since *Brady*, the Supreme Court has decided two cases that specifically address the issue of a defendant's due process rights when potentially exculpatory evidence has not been preserved. First, in *California v. Trombetta*, 467 US 479, 488, 104 S Ct 2528, 81 L Ed 2d 413 (1984), the Court stated:

"Whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality, evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." (Citation and footnote omitted.)

Subsequently, in *Arizona v. Youngblood*, 488 US 51, 58, 109 S Ct 333, 102 L Ed 2d 281 (1988), the Court added to *Trombetta* by holding that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially

useful evidence does not constitute a denial of due process of law."[1]

Assuming, without deciding, that the evidence here satisfies the standard of constitutional materiality, child does not assert that Iliff's failure to preserve the shoe print was the result of bad faith. As noted above, the trial court found that, "[a]t most, the failure to preserve the shoe print was 'simple negligence.'" In his brief to this court, child does not challenge that finding; rather, he states that "[b]ecause the police investigator negligently allowed the footprint to be destroyed," the state violated his due process rights. Further, even if child had argued differently, there is no evidence in the record to support a conclusion that the police acted in bad faith. Iliff saw the shoe print in the course of responding to and investigating an emergency situation. He did not himself destroy the shoe print, nor can it be said that his action of going to the house to continue his investigation, rather than retrieving his camera, was done in bad faith. The fact that Dwight Huskey, in the course of his fire fighting efforts, ran his tractor over the shoe print was a circumstance for which Iliff was not responsible. We conclude that child failed to establish a due process violation and, accordingly, the juvenile court erred in suppressing all evidence concerning the shoe print.

Reversed and remanded.

---

[1] Child argues that because the state seeks to use the unpreserved evidence in its case in chief, as did the state in *Trombetta*, the bad faith standard articulated in *Youngblood*, where the state did not attempt to make any use of the materials, does not apply. However, even under *Trombetta*, child must show that the police did not act in good faith. *See Mitchell v. Goldsmith*, 878 F2d 319, 322 (9th Cir 1989). In its discussion of the *Trombetta* standard of constitutional materiality, the Court noted that the presence or absence of bad faith turns on the police's knowledge of the apparent exculpatory value of the evidence at the time that it was lost or destroyed. *Arizona v. Youngblood, supra*, 488 US at 56-57 n *.